UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MARSHAN L. WIGGINS,

    Defendant.
_____/

Criminal Action No.
11-CR-20518

HON. MARK A. GOLDSMITH

## OPINION AND ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255

This matter is presently before the Court on Defendant's motion under 28 U.S.C. § 2255 to vacate his sentence. Defendant pled guilty, pursuant to a Rule 11 plea agreement, to count one of the indictment, which charged him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Specifically, the indictment charged him with unlawfully possessing a firearm on August 9, 2011, after having been convicted in Genesee County Circuit Court on May 29, 2007 of possession of cocaine less than 25 grams, in violation of Mich. Comp. Laws § 333.7403(2)(a)(v). By way of the present § 2255 motion, Defendant argues that he was not still a felon as of August 9, 2011, the date on which he possessed the firearm giving rise to the present indictment, and that his attorney in this matter was ineffective for failing to: (i) catch that purported fact, and (ii) contest the present felon-in-possession charges on that basis.

The Government argues that Defendant waived his right to assert this argument and, in any event, was a felon as of August 9, 2011. For the reasons that follow, the Court agrees with the Government's second argument and, thus, does not address the waiver argument.

Defendant does not dispute that he was convicted on May 29, 2007 of possession of cocaine less than 25 grams, a felony, in violation of Mich. Comp. Laws § 333.7403(2)(a)(v). Rather, Defendant argues that, because he was sentenced to 18 months probation and because he was discharged from his probationary sentence on January 12, 2009, his designation as a felon for purposes of the federal felon-in-possession statute expired on that date – a date that is before August 9, 2011, the date on which he possessed the firearm giving rise to the present indictment. In other words, Defendant argues that he was no longer a felon at the applicable time and thus could not have been charged with being a felon in possession of a firearm, and that his attorney was ineffective for failing to bring this charging deficiency to light and instead counseling Defendant to plead guilty to the charge.

A felony conviction is described in 18 U.S.C. § 921(a)(20) as a conviction for a "crime punishable by imprisonment for a term exceeding one year." The same provision provides that "[a]ny conviction . . . for which a person has . . . had civil rights restored shall not be considered a conviction for purposes of this chapter." Importantly, "[i]t is the status of the defendant on the date he possessed the firearm as alleged in the indictment that controls whether or not he has violated the [felon-in-possession] statute." United States v. Morgan, 216 F.3d 557, 565-566 (6th Cir. 2000).

As the Government correctly notes, although Defendant was no longer on probation as of August 9, 2011, the date on which he possessed the firearm giving rise to the present indictment, Defendant's civil rights were not restored as of that date. Therefore, Defendant was still considered a felon for purposes of 18 U.S.C. § 922(g)(1) at the time he possessed the firearm, meaning, in turn, that Defendant was properly charged with the present crime and that there was no charging deficiency that counsel could have brought, but did not bring, to light.

"Whether civil rights have been restored depends on the law of the state." United States v. Scantland, Nos. 04-CR-80773, 08-CV-13097, 2010 WL 6571943, at *17 (E.D. Mich. Dec. 7, 2010). A felon's civil rights are not "restored," for purposes of 18 U.S.C. § 921(a)(20), so long as the felon's conviction restricts his or her ability to serve on a jury or possess firearms. See United States v. Gilliam, 979 F.2d 436, 437 (6th Cir. 1992) ("Michigan law does not fully restore a convicted felon's civil rights for purposes of section 921(a)(20) because a Michigan felon is restricted from serving on juries and from possessing certain types of firearms."). Michigan law in effect as of August 9, 2011, the day on which Defendant possessed the firearm giving rise to the present indictment, barred Defendant from serving as a juror due to his 2007 conviction, notwithstanding the fact that Defendant had finished serving his sentence for that conviction. See Mich. Comp. Laws § 600.1307a(1)(e) ("To qualify as a juror, a person shall . . . [n]ot have been convicted of a felony.").[1] Thus, because Defendant could not serve on a jury at the time he possessed the firearm on August 9, 2011, his civil rights had not been fully restored under Michigan law and, consequently, he was still considered a felon for purposes of the felon-in-possession statute under which Defendant pled guilty. This means that Defendant was properly charged with the present crime, there was no charging deficiency for Defendant's attorney to bring to light, and Defendant's attorney was not ineffective on the basis urged.

Defendant's motion to vacate his sentence under 28 U.S.C. § 2255 is denied.

---

[1] Prior to October 1, 2003, the law in Michigan was that a convicted felon could serve on a jury so long as he or she was "[n]ot . . . under sentence for a felony at the time of jury selection." However, this version of the statute was not in effect on August 9, 2011, the date on which Defendant allegedly possessed the firearm, according to the present indictment. Thus, Defendant's reliance on the Sixth Circuit's 1999 decision in Hampton v. United States, 191 F.3d 695, 702 (6th Cir. 1999) – which relied on cases interpreting the old version of § 600.1307a(1)(e) in holding that "Michigan restores a felon's right to sit on a jury upon completion of his sentence" – is misplaced.

SO ORDERED.

Dated: August 19, 2013  s/Mark A. Goldsmith
Flint, Michigan  MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 19, 2013.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager